# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 13-471V

Filed: March 10, 2023
Reissued for Public Availability: April 5, 2023

```
* * * * * * * * * * * * * * * * * * * * * * * * *
WENDY WILLIAMS,                    *     UNPUBLISHED
                                   *
                Petitioner,        *
        v.                         *     Decision on Interim Attorneys' Fees and
                                   *     Costs.
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
                Respondent.        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Wendy Williams, pro se, for petitioner.*
*Benjamin Warder, United States Department of Justice, Washington, DC, for respondent.*

## DECISION ON INTERIM ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

      On July 12, 2013, Wendy Williams ("Ms. Williams" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she developed multiple sclerosis ("MS") and optic neuritis after receiving a Hepatitis B vaccination on February 16, 2011. *See* Petition ("Pet."), ECF No. 1. On December 7, 2021, petitioner's counsel, Mr. Gage, filed a Motion for Interim Attorneys' Fees and Costs pursuant to Section 15(e) of the Vaccine Act, which was

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.* This Decision originally issued on March 10, 2023 and the parties were afforded fourteen days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986).  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

granted in part on September 27, 2022. ECF Nos. 168, 170. Mr. Gage filed a second Motion for Interim Attorneys' Fees and Costs on January 18, 2023. ECF No. 180. After careful consideration, the undersigned has determined to **grant in part** the request for the reasons set forth below.

## I. Procedural History

This case was filed on July 12, 2013 and was initially assigned to Special Master Dorsey. ECF No. 1, 3. Medical records in the form of a compact disc were received by the Clerk's Office on July 26, 2013. An initial status conference was held on September 5, 2013, after which petitioner was ordered to file all outstanding medical records and a statement of completion. ECF No. 10. Petitioner filed a status report on October 4, 2013, indicating that she had filed all records to date, apart from records from one facility that she was still trying to obtain. ECF No. 12. On November 4, 2013, petitioner filed the remaining outstanding record and an amended statement of completion. ECF Nos. 14-15, Pet. Ex. 14.

Respondent filed his Rule 4 (c) Report on February 7, 2014, indicating the case was not appropriate for compensation. ECF No. 19. Another status conference was held on April 3, 2014, following which petitioner was ordered to file outstanding medical records and an expert report. ECF No. 21. Petitioner filed additional medical records on April 30, 2014, ECF No. 22, Pet. Ex. 15, and on June 4, 2014, ECF No. 26, Pet. Ex. 16-17, and filed an expert report on August 15, 2014. ECF No. 31, Pet. Ex. 18-19. Petitioner filed a supplemental expert report on May 13, 2015. ECF No. 48, Pet. Ex. 22. On July 27, 2015, respondent filed an expert report. ECF No. 53, Resp. Ex. Q. The parties filed a joint status report on September 14, 2015, respondent maintaining his position the case was not appropriate for compensation. ECF No. 55.

This case was reassigned to me on October 22, 2015. Notice of Reassignment, ECF No. 56-57. A status conference was held on November 13, 2015, where the parties were instructed to file a joint status report on the possibility of settlement. ECF No. 58. The parties filed a joint status report on December 14, 2015, indicating that respondent was "willing to entertain a demand." ECF No. 59. Over the next year, the parties engaged in settlement discussions in an attempt to informally resolve this matter. Another status conference was held on April 19, 2017, where petitioner was ordered to file a status report in 30 days advising on the progress of settlement discussions. ECF No. 73. Further settlement discussions ensued over the next several months. Petitioner filed a status report on September 4, 2018, stating that she needed more time to contemplate the proposed settlement offer. ECF No. 93. The parties continued to engage in settlement discussions through October 2018.

On October 19, 2018, petitioner's then counsel moved for Interim Attorneys' Fees and Costs. ECF No. 95. On October 22, 2018, attorney Richard Gage was substituted as petitioner's representation. ECF No. 96. On January 15, 2019, the undersigned awarded attorneys' fees and costs to petitioner's prior counsel. No. 101.

The case was referred to ADR on January 29, 2019. ECF No. 106. During the course of ADR, petitioner was ordered to provide additional documentation in support of her damage claim. The case was removed from ADR on January 2, 2020, following petitioner's status report stating that mediation would likely be unsuccessful in this case. ECF No. 110-111. Throughout the next

year, both parties filed medical literature and additional expert reports, and petitioner filed updated medical records. A one-day hearing was held via video conference on February 18, 2021. Respondent filed a post-hearing brief on August 20, 2021. ECF No. 166. Petitioner filed her post-hearing brief on August 23, 2021. ECF No. 167.

On December 7, 2021, petitioner filed a Motion for Interim Attorneys' Fees and Costs ("First Motion for Fees"). ECF No. 168. Respondent filed his response on December 27, 2021, stating no objection and submitting that all the statutory requirements have been met. ECF No. 169. Mr. Gage's motion was granted in part in a decision issued on September 27, 2022. ECF No. 170.

Ms. Williams, petitioner, advised the Court via email on October 4, 2022 that she intended to proceed in this matter pro se. Several status conferences took place in the following months. ECF No. 174, 177-179. Mr. Gage was ordered to provide Ms. Williams with all evidence of damages in his possession. ECF No. 179. He filed his second Motion for Attorneys' Fees and Costs ("Second Motion for Fees") on January 18, 2023, requesting a total of **$4,794.96** which represents **$3,611.90** in fees and **$1,183.06** in costs. ECF No. 180. Respondent filed his Response, stating no objection to Mr. Gage's Second Motion for Fees. ECF No. 183.

On January 19, 2023, Mr. Gage filed a Motion to Withdraw as Attorney of Record. ECF No. 182. The Motion to Withdraw was granted on February 9, 2023, after confirming that Mr. Gage had provided all evidence of damages and providing him with an opportunity to reply to respondent's Response to his Second Motion for Fees. ECF No. 185.

This matter is now ripe for decision.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request sua sponte, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee

3

application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

#### A.      Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs*., 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs*., 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs*., No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs*., 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. Mr. Gage was paid for his work in this case in September 2022. ECF No. 170. However, since his First Motion for Interim Fees was granted, Mr. Gage has been relieved as counsel of record at petitioner's request. ECF No. 185. Thus, this is Mr. Gage's final motion for fees that will reimburse him for the work he has performed in this case to date. Respondent has raised no objections to the motion and submitted that petitioner has satisfied the statutory requirements. ECF No. 183.

#### B.      Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs*., 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs*., 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs*., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec.

Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Mr. Gage has over thirty years of legal experience since his admission to the Wyoming State Bar in 1990. Other special masters have awarded Mr. Gage non-forum rates, given that the substantial majority of the work on his cases is performed in Wyoming. *See Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701 (Fed. Cl. Spec. Mstr. May 20, 2016). Here, Mr. Gage submitted an hourly rate for himself of $393 for both 2022 and 2023. Second Motion for Fees at 13. The submitted rate has been upheld by other special masters. *See Ferguson v. Sec'y of Health & Human Servs.*, No. 17-1737V, 2022 WL 1467655 (Fed. Cl. Spec. Mstr. Apr. 12, 2022) (awarding the requested rate); *Schettl v. Sec'y of Health & Human Servs.*, No. 14-422V, 2022 WL 2912666 (Fed. Cl. Spec. Mstr. June 30, 2022) (same).

Mr. Gage has also requested a rate of $386 for attorney Kristen Blume for 2022. Second Motion for Fees at 15. The rate is consistent with what Ms. Blume has been awarded for 2022 in the Program. *See Bangerter, next friend of D.B. v. Sec'y of Health & Human Servs.*, No. 15-1186V, 2023 WL 33529, at *2 (Fed. Cl. Spec. Mstr. Jan. 4, 2023).

Finally, Mr. Gage requested rates for his paralegals of $130 for 2021 and $141 for both 2022 and 2023. Second Motion for Fees at 17-19. The rates have been upheld by other special masters. *See Ferguson*, 2022 WL 1467655, at *2 (awarding the requested rates); *Schettl*, No. 14-422V, 2022 WL 2912666, at *2 (same).

I find the hourly rates billed by Mr. Gage to be reasonable.

## C.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health*

---

[3] The 2015-2022 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.,* No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*& Human Servs.*, No 14-1111V, 2016 WL 2853910, at \*2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs*., 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the hours billed by Mr. Gage and his firm, I find that the majority of overall hours spent on this matter are reasonable. However, paralegal Eva Farina billed for matters during a timeframe covered by the prior motion for fees. Her billing in the prior motion spanned from October 14, 2021 through December 6, 2021. First Motion for Fees at 59. The second motion included her billing from October 20, 2021 through December 7, 2021. Second Motion for Fees at 19. Given the overlap in time, it is unclear why the entries billed for in the current motion were not included in the first motion for fees. However, upon review, there is only one duplicate billing entry: October 20, 2021 for 0.1 hours spent calling an expert regarding their invoice. *See* First Motion for Fees at 59; Second Motion for Fees at 19. Because this work was already compensated, it will be deducted from the request here. This results in a **reduction of $13.00**. The remaining hours billed are reasonable.

## D.   Reasonable Costs

Petitioner also requested $1,131.00 for life care planner Life Care Consultants, which billed at a rate between $110 - $185 depending on the life care planner. Second Motion for Fees at 23-26. This is below the rate that has been awarded to other life care planners in the Vaccine Program. *See Desai v. Sec'y of Health & Human Servs*., No. 14-811V, 2018 WL 6819551 (Fed. Cl. Spec. Mstr. Nov. 27, 2018); *see also Williams v. Sec'y of Health & Human Servs*., No. 13-471V, 2022 WL 15604919 (Fed. Cl. Spec. Mstr. Sept. 27, 2022). Accordingly, the undersigned finds the billing rate reasonable. The life care planner's billing does not appear to contain any duplicative entries. Given that the life care planner's work on this matter, namely regularly communicating with both petitioner and Mr. Gage's office and finishing up their work on the life care plan, the hours spent appear reasonable.

Petitioner also requested $26.80 for copies and $25.26 for shipping costs. Second Motion for Fees at 21, 27. I find these costs to be reasonable and award them in full.

### IV. Total Award Summary

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED IN PART**. Accordingly, I award **$4,781.96,** representing **$3,598.90** in attorneys' fees and **$1,183.06** in attorneys' costs in the form of a check payable jointly to **petitioner Wendy Williams and petitioners' former counsel, Richard Gage of Richard Gage, P.C. The clerk shall enter judgment accordingly.**[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master