# In the United States Court of Federal Claims

No. 13-471

(Filed: 5 October 2023[*])

```
*****************************************
WENDY WILLIAMS,                          *
                                         *
                    Petitioner,          *
                                         *
v.                                       *
                                         *
SECRETARY OF                             *
HEALTH AND HUMAN SERVICES,               *
                                         *
                    Respondent.          *
                                         *
*****************************************
```

## OPINION AND ORDER

**HOLTE, Judge.**

      On 12 July 2013, petitioner Wendy Williams filed a petition for vaccine compensation alleging she developed multiple sclerosis ("MS") after receiving a hepatitis B vaccine on 16 February 2011. Petition ("Pet.") at 22, ECF No. 1. Special Master Mindy Michael Roth conducted an entitlement hearing on 18 February 2021, *see* 19 Feb. 2021 Scheduling Order, ECF No. 158, and issued a ruling on entitlement on 30 June 2023, ECF No. 198 ("Ruling on Entitlement"). In the Ruling on Entitlement, Special Master Roth held "[p]etitioner has proven by preponderant evidence that the hepatitis B vaccination she received . . . significantly aggravated her then-asymptomatic [MS] . . . . Thus, petitioner is entitled to compensation." Ruling on Entitlement at 47. The Ruling on Entitlement did not quantify petitioner's damages; rather, the Special Master stated, "this matter shall proceed to damages." *Id.* On 5 July 2023, before a ruling on petitioner's damages, petitioner filed a motion for review arguing the Special Master did not conduct "a complete review of the record" regarding petitioner's "case of causation." Pet'r's Mot. Review at 1–2, ECF No. 200. The government filed a motion to dismiss, ECF No. 203, on 3 August 2023. On 14 August 2023, the government filed its Certificate of Service noting plaintiff was served the motion to dismiss via email on 14 August 2023, ECF No. 205. Plaintiff did not file a response to the government's Motion. The Court now considers the government's Motion.

---

[*] This Opinion and Order was initially filed under seal on 20 September 2023 pursuant to Vaccine Rule 18(b) of the Rules of the Court of Federal Claims. The Court provided the parties 14 days to submit proposed redactions, if any, before the Opinion and Order was released for publication. Neither party proposed redactions nor indicated there were redactions by 4 October 2023, the 14-day deadline. This Opinion and Order is now reissued for publication in its original form.

The government argues petitioner's "Motion for Review is premature" because "Special Master Roth's Ruling on Entitlement does not constitute a 'decision' under the Vaccine Act." Gov't's Mot. Dismiss at 7 (citing *J.T. v. Sec'y of Dep't of Health & Hum. Servs.*, 125 Fed. Cl. 164, 166 (2016) (denying a motion for review because the special master had not yet awarded damages)). The government contends the Court lacks jurisdiction to rule on petitioner's Motion for Review because "Special Master Roth has not yet made a final decision as to the amount of damages." *Id.*

A party may file a motion for review within 30 days of "the issuance of [a] special master's decision." National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), 42 U.S.C. § 300aa-12(e)(1). The Vaccine Act defines a special master's "decision" as a ruling on "[(1)] whether compensation is to be provided under the [National Vaccine Injury Compensation] Program and [(2)] the amount of such compensation." § 300aa-12(d)(3)(A); *see Shaw v. Sec'y of Dep't of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010) ("[A] special master to whom a petition has been assigned shall issue a decision . . . with respect to whether compensation is to be provided . . . and the amount of such compensation . . . [and] that decision of the special master may be reviewed by the United States Court of Federal Claims." (quoting § 300aa-12(d)(3)(A))); *Bravo v. Sec'y of Dep't of Health & Hum. Servs.*, 149 Fed. Cl. 333, 335 (2020) (holding a special master's order resolving an objection to the fairness of the proceedings was not a "decision" within the meaning of the Vaccine Act because it did not resolve petitioner's entitlement to compensation); *J.T.*, 125 Fed. Cl. at 166; *Woods v. United States*, No. 17-897, slip op. at 2–3 (Fed. Cl. Jun. 6, 2023) (dismissing petitioner's motion for review for lack of jurisdiction because the special master's "[f]inding of [f]act [determining] [p]etitioner failed to establish that he suffered from optic neuritis" is not a decision on compensation described by § 12(d)(3)(A)). This court does not have jurisdiction to consider a special master's ruling if it does not decide the petitioner's entitlement to, and the quantum of, compensation. *See Shaw*, 609 F.3d at 1375; *J.T.*, 125 Fed. Cl. at 166.

Unlike in *Shaw*, where the special master issued a decision regarding the quantum of attorney fees, 609 F.3d at 1375, Special Master Roth's Ruling on Entitlement held "petitioner is entitled to compensation" but did not decide the amount thereof. Ruling on Entitlement at 47. The Court therefore lacks jurisdiction to consider petitioner's Motion for Review because, by not quantifying petitioner's damages, Special Master Roth did not issue a "decision" as defined by § 12(d)(3)(A) of the Vaccine Act. *Shaw*, 609 F.3d at 1375; *Bravo*, 149 Fed. Cl. at 335; *J.T.*, 125 Fed. Cl. at 166.

For the foregoing reasons, the Court **GRANTS** the government's Motion to Dismiss, ECF No. 203, and **DISMISSES** petitioner's Motion for Review, ECF No. 200. If petitioner so chooses, she may raise her objections to Special Master Roth's ruling once Special Master Roth has issued a decision within the meaning of the Vaccine Act.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge