# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-471V
Filed: November 7, 2024
Reissued for Public Availability: December 23, 2024

```
* * * * * * * * * * *          *
JANE DOE,                      *
                               *
              Petitioner,      *
                               *
                               *
v.                             *
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
              Respondent.      *
* * * * * * * * * * *          *
```

*Jane Doe, Pro Se*.
*Benjamin P. Warder, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

**Roth**, Special Master:

On July 12, 2013, Jane Doe ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed multiple sclerosis ("MS") after receiving a Twinrix (hepatitis A/B) vaccine on February 16, 2011. Petition, ECF No. 1; Amended Petition, ECF No. 159. A Ruling on Entitlement issued on June 30, 2023, finding that petitioner was entitled to compensation for her injuries. ECF No. 198.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** This Decision originally issued on November 7, 2024 and the parties were afforded fourteen days to propose redactions in accordance with Vaccine Rule 18(b). Petitioner moved for redactions, and her motion was granted. Accordingly, this Decision is reissued with redactions for posting on the Court's website.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

On August 14, 2024, a Ruling on Damages issued, and respondent was ordered to file a finalized Life Care Plan and lost income computation consistent with the Ruling on Damages. ECF No. 226.

On November 7, 2024, respondent filed a status report, the final Life Care Plan, and a funding chart. ECF Nos. 246, 252. Respondent's submission provides for the following in keeping with the Ruling on Damages:

A. A lump sum payment of $1,574,676.59, representing compensation for life care expenses (including life care items awarded by the Special Master) expected to be incurred during the first year after judgment ($57,656.32), lost earnings ($1,267,020.27), and pain and suffering ($250,000.00), in the form of a check payable to petitioner.

B. An amount sufficient to purchase an annuity contract, subject to the conditions described in section II. B. of respondent's status report.

I adopt respondent's damages calculations attached hereto, and award compensation in the amount and on the terms set forth therein.[3] The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] Because petitioner moved for redactions after respondent filed his status report with the calculations of damages and because petitioner's motion to redact was granted, respondent refiled his status report with redactions as attached hereto.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JANE DOE,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 13-471V<br>Special Master Roth<br>ECF |

**RESPONDENT'S AMENDED STATUS REPORT REGARDING COMPENSATION
TO BE AWARDED AND FORM OF AWARD**[1]

On September 18, 2024, pursuant to the Order on Petitioner's Motion for Redaction (ECF No. 237 at 1-7), the Special Master issued a partially redacted Ruling on Damages (ECF No. 237 at 8-29), in which she directed respondent to "file a status report which includes (1) a complete and final Life Care Plan which reflects the above findings and (2) the lost income computation based on the above findings." ECF No. 237 at 28.

Respondent submits this amended status report providing the Special Master with a statement of all damages, including those that the parties have agreed upon as well as those decided by the Special Master, in the manner that contains the information needed for the Special Master's Damages Order.[2]

While preserving his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the

---

[1] Respondent files this amended status report pursuant to the Court's December 12, 2024 Order, which granted petitioner's second motion to redact, and in which the Court directed that in the Decision Awarding Damages "and going forward," petitioner would be referred to as "Jane Doe," and the case caption would reflect "Jane Doe" as the petitioner in this case. ECF No. 251 at 1.

[2] Respondent submits this status report on behalf of respondent only.

1

Special Master's September 18, 2024 Ruling on Damages, respondent submits the following status report regarding damages.

**I.      Items of Compensation**

   A.      <u>Life Care Items</u>

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, and CLCP, to provide an estimation of petitioner's future vaccine-injury-related needs. On April 22, 2024, respondent filed the most recent life care plan prepared by petitioner's former life care planner, which was dated December 15, 2020. Exhibit ("Ex.") RR. Agreed-upon life care items, as well as life care items awarded by the Special Master, are illustrated by the chart entitled "Appendix A: Items of Compensation for Jane Doe," attached to this status report as Tab A.[3]

   B.      <u>Lost Earnings</u>

Based upon the evidence of record, petitioner is entitled to an award for lost earnings

---

[3] The chart at Tab A illustrates respondent's position on annual amounts for life care items and, pursuant to the Special Master's Ruling on Damages, includes the Special Master's award of the following life care items: massage therapy from the date of judgment through the remainder of petitioner's life; gym membership from the date of judgment through the remainder of petitioner's life; private yoga from the date of judgment through the remainder of petitioner's life; a reacher from the date of judgment through the remainder of petitioner's life; a portable ramp in an initial lump sum; an electric scooter from the anniversary of the date of judgment in year 2025 through the remainder of petitioner's life; scooter replacement batteries, annualized at nine-tenths of unit cost for funding purposes, from the anniversary of the date of judgment in year 2025 through the remainder of petitioner's life; scooter maintenance, annualized at nine-tenths of unit cost for funding purposes, from the anniversary of the date of judgment in year 2025 through the remainder of petitioner's life; a scooter cover from the anniversary of the date of judgment in year 2025 through the remainder of petitioner's life; a scooter lift from the anniversary of the date of judgment in year 2025 through the remainder of petitioner's life; case management from the date of judgment through the remainder of petitioner's life; maid service from the date of judgment through the remainder of petitioner's life; lawn service from the date of judgment through the remainder of petitioner's life; handyman service from the date of judgment through the remainder of petitioner's life; certified nursing assistant ("CNA") services from the date of judgment through the remainder of petitioner's life. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  However, the parties did not agree on the amount of an award.  On September 18, 2024, the Special Master awarded petitioner "past lost income in the amount of $584,620.60 (which includes basic pay, BAH without dependents, BAS, and the remaining LRP hiring bonus)[4] minus Federal Income Tax and setoffs, [and] future lost income in the amount of $955,292.40 (which includes basic pay, BAH without dependents, and BAS) reduced to present-day value minus Federal Income Tax and setoffs."  ECF No. 237 at 28.  Respondent's estimate of future lost income before reduction to present-day value is consistent with the Special Master's total of $955,292.40.

After applying offsets for reported 2012 income, Federal, State, and FICA taxes on the taxable portion (basic pay and LRP bonus) of the $580,834.98 in pre-offset lost income from October 27, 2012, through the end of 2024, respondent estimates past lost income in the amount of $503,891.31.  After applying offsets for Federal, State, and FICA taxes on the taxable portion (basic pay) of the $955,292.40 in pre-offset lost income from January 1, 2025, through 2042, discounted to present-day value at a net discount rate of 1.0%, respondent estimates future lost income of $763,128.96.  Based on these estimates, respondent estimates a total award for lost earnings in the amount of $1,267,020.27.

C.     Pain and Suffering

Based upon the evidence of record, petitioner is entitled to an award for pain and suffering under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).  However, the parties did not agree on the amount of an award.  On September 18, 2024, the Special Master awarded petitioner $250,000.00 for pain and suffering. ECF No. 237 at 19.

---

[4] After adjustment for a correction in the tabulation of underlying basic pay and BAH data, the figure for pre-offset past lost earnings is $580,834.98, which figure has been approved by the Special Master.

3

**II.     Form of the Award**

Respondent requests that compensation provided to petitioner be made through a combination of a lump sum payment and future annuity payments as described below, and requests that the Special Master's Damages Order and the Court's judgment award the following:[5]

A.  A lump sum payment of $1,574,676.59, representing compensation for life care expenses (including life care items awarded by the Special Master[6]) expected to be incurred during the first year after judgment ($57,656.32), lost earnings ($1,267,020.27), and pain and suffering ($250,000.00), in the form of a check payable to petitioner.

B.  An amount sufficient to purchase an annuity contract,[7] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[8] from

---

[5] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

[6] Please see footnote 3.

[7] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and shall not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[8] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

4

which the annuity will be purchased.[9]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Jane Doe, only so long as Jane Doe is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent recommends that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.   Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows:  four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

2. Life-Contingent Annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Jane Doe, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life

---

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[9] Petitioner will be required to authorize the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Insurance Company within twenty (20) days of Jane Doe's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump sum paid to petitioner, Jane Doe:    **$1,574,676.59**
    B.    An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

/s/ *Benjamin P. Warder*
BENJAMIN P. WARDER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 532-5464
Email: Benjamin.P.Warder@usdoj.gov

DATED: December 20, 2024

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JANE DOE,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | No. 13-471V<br>Special Master Roth<br>ECF |

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2024, the foregoing **RESPONDENT'S AMENDED STATUS REPORT REGARDING COMPENSATION TO BE AWARDED AND FORM OF AWARD** was served by email upon petitioner.

                                          /s/ *Benjamin P. Warder*
                                          BENJAMIN P. WARDER
                                          Trial Attorney
                                          Torts Branch, Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 146
                                          Benjamin Franklin Station
                                          Washington, D.C. 20044-0146
                                          Telephone: (202) 532-5464
DATE:    December 20, 2024               Email: Benjamin.P.Warder@usdoj.gov

| ITEMS OF COMPENSATION | | * | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-6 | Compensation Years 7-12 | Compensation Years 13-15 | Compensation Year 16 | Compensation Year 17 | Compensation Years 18-22 | Compensation Years 23-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2024 | 2025 | 2026-2029 | 2030-2035 | 2036-2038 | 2039 | 2040 | 2041-2045 | 2046-Life |
| Medicare Part B Premium | 5% | M | 2,096.40 | 2,096.40 | 2,096.40 | 2,096.40 | 2,096.40 | 2,096.40 | | | |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Tricare Deductible | 5% | | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Primary Care Physician | 5% | * | | | | | | | | | |
| Laboratory Services | 5% | * | | | | | | | | | |
| Neurologist | 5% | * | | | | | | | | | |
| Magnetic Resonance Imaging | 5% | * | | | | | | | | | |
| Ophthalmologist | 5% | * | | | | | | | | | |
| Urologist | 5% | * | | | | | | | | | |
| Urodynamics | 5% | * | | | | | | | | | |
| Kidney, Ureter, and Bladder X-Ray | 5% | * | | | | | | | | | |
| Gastroenterology | 5% | * | | | | | | | | | |
| Psychiatry | 5% | * | | | | | | | | | |
| Counseling | 4% | * | | | | | | | | | |
| Rebiff | 5% | * | | | | | | | | | |
| Modafinil | 5% | * | | | | | | | | | |
| Baclofen | 5% | * | | | | | | | | | |
| Metoprolol | 5% | * | | | | | | | | | |
| Fluoxetine | 5% | * | | | | | | | | | |
| Hydroxyzine | 5% | * | | | | | | | | | |
| Neurontin | 5% | * | | | | | | | | | |
| Motrin | 4% | | 91.56 | 91.56 | 91.56 | 91.56 | 91.56 | 91.56 | 91.56 | 91.56 | 91.56 |
| Melatonin | 4% | | 23.22 | 23.22 | 23.22 | 23.22 | 23.22 | 23.22 | 23.22 | 23.22 | 23.22 |
| Physical Therapy Evaluation | 4% | * | | | | | | | | | |
| Physical Therapy | 4% | * | | | | | | | | | |
| Occupational Therapy Evaluation | 4% | * | | | | | | | | | |
| Occupational Therapy | 4% | * | | | | | | | | | |
| Speech Therapy Evaluation | 4% | * | | | | | | | | | |
| Speech Therapy | 4% | * | | | | | | | | | |
| Massage Therapy | 4% | M | 2,700.00 | 2,700.00 | 2,700.00 | 2,700.00 | 2,700.00 | 2,700.00 | 2,700.00 | 2,700.00 | 2,700.00 |
| Gym | 4% | M | 770.00 | 720.00 | 720.00 | 720.00 | 720.00 | 720.00 | 720.00 | 720.00 | 720.00 |
| Private Yoga | 4% | M | 336.00 | 336.00 | 336.00 | 336.00 | 336.00 | 336.00 | 336.00 | 336.00 | 336.00 |
| Shower Bath Chair | 4% | | 74.91 | 12.49 | 12.49 | 12.49 | 12.49 | 12.49 | 12.49 | 12.49 | 12.49 |
| Handheld Shower | 4% | | 82.86 | 13.81 | 13.81 | 13.81 | 13.81 | 13.81 | 13.81 | 13.81 | 13.81 |
| Portable Grab Bars | 4% | | 65.94 | 6.59 | 6.59 | 6.59 | 6.59 | 6.59 | 6.59 | 6.59 | 6.59 |
| Bed Cane | 4% | | 89.00 | 8.90 | 8.90 | 8.90 | 8.90 | 8.90 | 8.90 | 8.90 | 8.90 |

Appendix A:  Items of Compensation for Jane Doe                               Page 2 of 2

| ITEMS OF COMPENSATION | | * | Lump Sum Compensation Year 1 2024 | Compensation Year 2 2025 | Compensation Years 3-6 2026-2029 | Compensation Years 7-12 2030-2035 | Compensation Years 13-15 2036-2038 | Compensation Year 16 2039 | Compensation Year 17 2040 | Compensation Years 18-22 2041-2045 | Compensation Years 23-Life 2046-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Reacher | 4% | | 29.97 | 4.28 | 4.28 | 4.28 | 4.28 | 4.28 | 4.28 | 4.28 | 4.28 |
| Folding Cane | 4% | * | | | | | | | | | |
| Rolling Walker | 4% | * | | | | | | | | | |
| Pill Splitter | 4% | | 8.29 | 8.29 | 8.29 | 8.29 | 8.29 | 8.29 | 8.29 | 8.29 | 8.29 |
| Incontinence Underwear | 4% | | | | | 470.12 | 470.12 | 470.12 | 470.12 | 470.12 | 470.12 |
| Panty Liners | 4% | | | | | 84.72 | 84.72 | 84.72 | 84.72 | 84.72 | 84.72 |
| Feminine Wipes | 4% | | | | | 86.94 | 86.94 | 86.94 | 86.94 | 86.94 | 86.94 |
| Hand Sanitizer | 4% | | | | | 21.24 | 21.24 | 21.24 | 21.24 | 21.24 | 21.24 |
| Wheelchair | 4% | * | | | | | | | | | |
| Wheelchair Cushion Cover | 4% | | 128.00 | 128.00 | 128.00 | 128.00 | 128.00 | 128.00 | 128.00 | 128.00 | 128.00 |
| Wheelchair Pack | 4% | | 35.98 | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 |
| Portable Ramp | 4% | | 854.00 | | | | | | | | |
| Electric Scooter | 4% | | | 2,189.00 | 218.90 | 218.90 | 218.90 | 218.90 | 218.90 | 218.90 | 218.90 |
| Scooter Repl Batteries | 4% | | | 121.50 | 121.50 | 121.50 | 121.50 | 121.50 | 121.50 | 121.50 | 121.50 |
| Scooter Maintenance | 4% | | | 197.01 | 197.01 | 197.01 | 197.01 | 197.01 | 197.01 | 197.01 | 197.01 |
| Scooter Cover | 4% | | | 93.00 | 31.00 | 31.00 | 31.00 | 31.00 | 31.00 | 31.00 | 31.00 |
| Scooter Lift | 4% | | | 3,395.00 | 339.50 | 339.50 | 339.50 | 339.50 | 339.50 | 339.50 | 339.50 |
| Case Management | 4% | M | 1,080.00 | 1,080.00 | 1,080.00 | 1,080.00 | 1,080.00 | 1,080.00 | 1,080.00 | 1,080.00 | 1,080.00 |
| Stair Lift | 4% | | 19,995.00 | | | | | 19,995.00 | 1,333.00 | 1,333.00 | 1,333.00 |
| Solar Rechargable Generator | 4% | | 10,999.99 | | | | | 10,999.99 | 733.33 | 733.33 | 733.33 |
| Install of Ramps & Thresholds in Garage | 4% | | 1,879.00 | | | | | 1,879.00 | 125.27 | 125.27 | 125.27 |
| Maid Service | 4% | M | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 |
| Lawn Service | 4% | | 780.00 | 780.00 | 780.00 | 780.00 | 780.00 | 780.00 | 780.00 | 780.00 | 780.00 |
| Handyman | 4% | | 425.00 | 425.00 | 425.00 | 425.00 | 425.00 | 425.00 | 425.00 | 425.00 | 425.00 |
| CNA Services | 4% | M | 11,211.20 | 11,211.20 | 15,695.68 | 23,543.52 | 31,391.36 | 31,391.36 | 31,391.36 | 39,239.20 | 78,478.40 |
| Lost Earnings | | | 1,267,020.27 | | | | | | | | |
| Pain and Suffering | | | 250,000.00 | | | | | | | | |
| Annual Totals | | | 1,574,676.59 | 29,548.45 | 28,945.33 | 37,456.19 | 45,304.03 | 78,178.02 | 45,399.23 | 53,247.07 | 92,486.27 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($57,656.32), lost earnings ($1,267,020.27), and pain and suffering ($250,000.00): $1,574,676.59.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.