# In the United States Court of Federal Claims

| | |
|---|---|
| **JANE DOE,** *Petitioner,* v. **SECRETARY OF HEALTH AND HUMAN SERVICES,** *Respondent.* | No. 13-471 (Originally Filed: February 5, 2025) (Reissued Publicly: February 27, 2025) |

*Jane Doe*, *pro se*, for Petitioner.

*Benjamin P. Warder,* Trial Attorney, *Alexis B. Babcock,* Assistant Director, *Heather L. Pearlman*, Deputy Director, *C. Salvatore D'Alessio*, Director, Torts Branch, *Brett A. Shumate*, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION AND ORDER[1]

**HADJI, *Judge*.**

Petitioner, proceeding *pro se*, seeks review of Special Master Roth's decision awarding her compensation in the amount of $1,574,676.59. For the reasons stated below, Petitioner's Motion for Review is **DISMISSED**.

## BACKGROUND

In July 2013, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et. seq.*,[2] alleging that her February 2011 hepatitis A/B vaccination caused her to develop multiple sclerosis (MS). ECF 1. She later amended her petition to argue that, in the alternative, her February 2011 hepatitis A/B vaccination caused a significant aggravation of her preexisting MS. ECF 159 at 3.

---

[1] This Opinion was issued under seal on February 5, 2025. The parties were directed to propose redactions within fourteen days of issuance of the Opinion. No proposed redactions were received. The Court hereby publicly releases the Opinion in full.

[2] The National Vaccine Injury Compensation Program was established by the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (the Vaccine Act).

In June 2023, the Special Master issued her Ruling on Entitlement, in which she found that Petitioner had presented preponderant evidence that the hepatitis A/B vaccination she received significantly aggravated her previously asymptomatic MS. ECF 198 at 1. The Special Master determined that Petitioner was entitled to compensation for her injuries. *Id*. at 46.

The matter proceeded to the damages phase, and on November 7, 2024, the Special Master issued her Decision on Damages (the Decision). ECF 247. Petitioner was awarded compensation in the amount of $1,574,676.59, representing compensation for life care expenses expected to be incurred during the first year after judgment ($57,656.32), lost earnings ($1,267,020.27), and pain and suffering ($250,000.00), as well as an amount sufficient to purchase an annuity contract for Petitioner's future life care expenses. *Id.* at 2.

Later that month, Petitioner filed a motion to redact her full name to "Jane Doe," ECF 248, which the Special Master granted. ECF 251. On December 23, 2024, the Decision was reissued, with redactions, for public availability. ECF 253. Having received no motion for review, the Clerk's Office entered judgment that same day, pursuant to Vaccine Rule 11(a). ECF 254. One week later, on December 30, 2024, Petitioner filed her Motion for Review. ECF 255.

## DISCUSSION

As the Federal Circuit has recognized, "[w]hen Congress passed the Vaccine Act, it established a statutory scheme to govern the procedure for cases brought under the Act. These statutes require specific procedural milestones to occur within set timelines." *Gaiter on behalf of D.S.G. v. Sec'y of Health & Hum. Servs.*, 784 F. App'x 759, 762 (Fed. Cir. 2019). As is relevant here, the scheme requires that a motion for review must be filed within thirty days of a special master's decision. 42 U.S.C. § 300aa-12(e)(1). If a request for review is not made within thirty days, the Clerk of Court "shall immediately enter judgment in accordance with the special master's decision." *Id*. at §300aa-12(e)(3).

The Court of Federal Claims Vaccine Rules mirror these statutory provisions. Vaccine Rule 23 requires a party seeking review of a special master's decision to file a motion for review within thirty days of when the decision is filed, and explains that "[n]o extensions of time will be permitted under this rule and the failure of a party to file a motion for review in a timely manner will constitute a waiver of the right to obtain review." Vaccine Rule 23(a)-(b). And Vaccine Rule 11(a) provides that "[i]f a motion for review under Vaccine Rule 23 is not filed within 30 days after either the filing of the special master's decision under Vaccine Rule 10 or the entry of an order of dismissal under Vaccine Rule 21(b), the clerk will enter judgment immediately."

The thirty-day clock starts to run upon the docketing of the special master's opinion by the Clerk's Office. *Mahaffey v. Sec'y of Health & Hum. Servs.*, 368 F.3d 1378, 1380

2

(Fed. Cir. 2004) ("[T]he date of 'issuance' of a special master's decision is … the date on which the decision was filed with the clerk of the Court of Federal Claims."). The docket in this case indicates that, after the Special Master issued her Decision on November 7, 2024, Petitioner did not file any documents that could be construed as a motion for review during the statutory 30-day time period. The lack of such a filing by Petitioner is reflected by the December 23, 2024, judgment entered by the Clerk of Court. Instead, Petitioner did not file her Motion for Review until December 30, 2024, fifty-three days after the Special Master issued her Decision, and well beyond the prescribed period.

The Federal Circuit has held that the thirty-day deadline to file a motion for review under § 300aa-12(e)(1) is jurisdictional. *Widdoss v. Sec'y of Health & Hum. Servs.*, 989 F.2d 1170, 1177 (Fed. Cir. 1993). However, since *Widdoss*, subsequent Supreme Court and Federal Circuit cases have cast into doubt the jurisdictional nature of the deadline to file a motion for review with this Court. *See Gaiter*, 784 F. App'x at 762-63 (discussing "the distinction between jurisdictional prescriptions and nonjurisdictional claim-processing rules"); *Ling v. Sec'y of Health & Hum. Servs.*, No. 2023-1072, 2023 WL 8447276, at *2 n.2 (Fed. Cir. Dec. 6, 2023) ("We have not resolved whether or not that recent [Supreme Court] guidance affects our holding in *Widdoss*.").

Nevertheless, the Court need not decide for the purposes of this case whether the time limit imposed by §300aa-12(e)(1) is a jurisdictional prescription because the Court would dismiss the Motion for Review as untimely even if the deadline is non-jurisdictional. "While jurisdictional rules are absolute and cannot be waived, nonjurisdictional claim-processing rules, although mandatory, are subject to equitable exceptions." *Ling,* 2023 WL 8447276, at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).

Here, the Court discerns no equitable considerations which would excuse Petitioner's delayed motion. Even given her *pro se* status, Petitioner fails to meet her burden for equitable tolling. At no point does she explain why she was unable to file her Motion for Review within thirty days as required, let alone propound "some extraordinary circumstance [that] stood in h[er] way." *Id*. As such, even if Petitioner mistakenly believed that the deadline to file a motion for review ran from the date of the public release of the Decision rather than the date of original issuance,[3] the Court cannot ignore the deadline

---

[3] Petitioner filed a Motion to Redact (ECF 248) in which she noted that "there is a lot of disinformation & misinformation being pushed in th[e] Decision & my case as a whole … which Petitioner will address in her subsequent Motion for Review which *will* be filed pending the redactions." ECF 248 (emphasis in

imposed by § 300aa-12(e)(1) and Vaccine Rule 23. *See, e.g., McNeil v. United States,* 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Because Petitioner filed her Motion for Review more than thirty days after the Special Master issued her Decision and has not established an equitable basis for deviating from the statutory time limit, the Court, even if it has jurisdiction, must conclude that Petitioner's Motion for Review is time-barred and subject to dismissal.

For the foregoing reasons, Petitioner's Motion for Review (ECF 255) is **DISMISSED** as untimely filed.[4]

**IT IS SO ORDERED.**

PHILIP S. HADJI
Judge

---

original). Such language suggests that Petitioner mistakenly believed that she could not file a motion for review until redactions were complete. Unfortunately, promising to do something is not the equivalent of taking said action, and the Court cannot find that Petitioner's pledge to file a "subsequent Motion for Review" qualifies as a motion for review within the time permitted by the Vaccine Act or Vaccine Rules.

[4] Given the latitude afforded *pro se* litigants, the Court has also considered whether Petitioner's filing, though styled as a motion for review, should instead be liberally construed as a motion for reconsideration pursuant to Rule 59 or a motion for relief from judgment pursuant to Rule 60. *See* Vaccine Rule 36. The Court finds such treatment unwarranted. Though she disagrees with the quantum of her recovery, it appears that Petitioner generally *accepts* the Special Master's finding of entitlement and substantial award of damages in her favor. *See* ECF 255 ("[W]hile petitioner is not rejecting the amount awarded … it is not the complete sum of damages owed …."). At no point does Petitioner request that the award in her favor be set aside, only adjusted upwards. Accordingly, the Court declines to construe Petitioner's filing as a motion seeking relief from judgment. Further, Petitioner's prior dealings with the Court make clear that her intent was to file a motion for review; in her Motion to Redact (ECF 248), she expressly noted that she intended to file a motion for review upon the completion of redactions, suggesting that the timing of her filing was attributable more to a misunderstanding over the time for filing rather than a bid for post-judgment relief.